UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 11-cr-00519-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. PHILIP CHAOHUI HE, a/k/a Philip Hope, a/k/a Philip Chaohui,

    Defendant.

## ORDER

THIS MATTER comes before the Court on the Status Report and Motion for Exclusion of Time (ECF No. 19), filed June 28, 2012.[1] The Government does not oppose the relief requested in the motion. Accordingly, the motion is granted as set forth below.

By way of background, the Defendant is charged with Conspiracy to Violate the Arms Export Control Act and to Smuggle Goods from the United States, Attempted Export of Defense Articles in Violation of the Arms Export Control Act, and Smuggling Goods from the United States. In the pending motion, the Defendant, through his counsel, moves for an additional 60-day ends of justice continuance of the period to file pretrial motions and the speedy trial deadlines pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

In support of the motion, defense counsel states that the defense needs additional time to review the nearly 17,000 pages of discovery. Due to computer software issues preventing the Defendant from opening and reading the disks containing the discovery

---

[1] I note that on March 9, 2012, I granted the parties' first unopposed motion to continue pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), which excluded 120 days from the speedy trial calculation. (ECF No. 17). That order is incorporated herein by reference.

along with difficulties with the prison staff and computer equipment, the Defendant has been unable to review the discovery. Having finally resolved the various issues, the Defendant is currently "working his way through the 17,000 pages." (Mot. at 2-3).

The Government does not object to the motion. Based on the Defendant's statements in the pending motion, while I do not find this case to be complex, I do find that an additional 60-day ends of justice continuance is appropriate under § 3161(h)(7)(B)(iv).

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. *See* 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the

defendant in a speedy trial. This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49 (internal citation omitted). However, the Tenth Circuit has cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (quoting *United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir. 1985)))." *Id.*

The Tenth Circuit reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures the district court considers the relevant factors and provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at 1271.

The Court, having carefully considered the request and the controlling law, and being fully advised in the premises, hereby finds that the motion for an additional ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). Due to the fact that both parties agree that it is in the Defendant's best interest to delay

these proceedings in order for him to review and analyze discovery and conduct a thorough investigation, I find that the failure to grant a continuance in this case, which I do not find complex, would deny the Defendant and his defense counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on the above and for reasons stated in the pending motion, I find that the ends of justice served by an additional 60-day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).   Accordingly, it is

ORDERED that the Motion for Exclusion of Time (ECF No. 19), filed June 28, 2012 is **GRANTED** pursuant to 18 U.S.C. § (h)(7)(A) and (B)(iv).   In accordance therewith, it is

FURTHER ORDERED that an additional **60 days** are excluded from the speedy trial deadlines.   It is

FURTHER ORDERED that the parties shall file a joint status report with the Court not later than **Friday, August 24, 2012** indicating any pretrial motions to be filed, the status of speedy trial, and any other issues related to case management.

Dated:   July 2, 2012

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge